UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

For Online Publication Only

---------------------------------------------------------------------X

PHH MORTGAGE CORPORATION,

Plaintiff,

-against-

**ORDER**
25-cv-06289 (JMA) (ARL)

FILED
CLERK
11/10/2026 3:09 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

MURIEL I. WATT.

Defendant.

---------------------------------------------------------------------X

**AZRACK, United States District Judge:**

The instant action was brought to foreclose on a mortgage encumbering the property at 77 Sagamore Street, Freeport, NY 11520 (the "Subject Property"). (See ECF No. 1.) Before the Court is the motion of plaintiff PHH Mortgage Corporation (the "Plaintiff") for Default Judgment of Foreclosure and Sale against defendant Muriel Watt ("Defendant") pursuant to Federal Rule of Civil Procedure 55.[1] For the reasons stated herein, Plaintiff's motion is GRANTED. The Court will enter the requested Judgment of Foreclosure and Sale, as amended by the Court.

## I. DISCUSSION

### A. Defendant Defaulted

Defendant was properly served in the action, but has not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action.

### B. Liability

When a defendant defaults, the Court is required to accept all the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v.

[1] Plaintiff did not identify or serve any John Doe defendants and has requested that the caption be amended accordingly. (See ECF No. 19-3 at 8.) That request is granted. The Court dismisses John Does #1–12 and strikes those John Does from the caption. The Clerk of the Court is respectfully directed to amend the caption accordingly.

Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id.

Under New York law, "a plaintiff in an action to foreclose a mortgage [must] demonstrate: 'the existence of the mortgage and mortgage note, ownership of the mortgage, and the defendant's default in payment.'" Gustavia Home, LLC v. Bent, 321 F. Supp. 3d 409, 414 (E.D.N.Y. 2018) (citing Campaign v. Barba, 805 N.Y.S.2d 86 (N.Y. App. Div. 2d Dep't 2005)). IntHere, Plaintiff appended to the Complaint copies of the relevant mortgage documents, including the mortgage note, the assignment of that mortgage to Plaintiff, and loan modification agreements, as well as the notices sent to Defendant. (ECF No. 1.) This documentary evidence, together with the allegations in the Complaint, are sufficient to establish Defendant's liability. Thus, Plaintiff has established its right to foreclose upon the Subject Property and a judgment of foreclosure and sale will be entered appointing Plaintiff's recommended referee, Melissa D. Mohan, Esq., as Referee to effectuate the sale of the Subject Property. Public notices of the sale shall be given in both the Freeport Herald and Newsday. As set forth in the Judgment of Foreclosure and Sale, the Referee must file her report of the sale with the Clerk of Court through ECF.

The second cause of action in the Complaint seeks, based on mutual mistake, reformation of the mortgage to reflect the correct legal description of the property as set out in Exhibit A to the Complaint. The allegations set out in the Complaint are also sufficient to establish Plaintiff is entitled to a default judgment on this second cause of action. The legal description contained within the Subject Mortgage recorded on May 24, 2017 in Book M, VI 42140 at Page 540 is hereby reformed to match the legal description contained within the Exhibit A to the Complaint (which is also annexed as Schedule A to the accompanying Judgment of Foreclosure and Sale.

**C. Damages and Other Relief**

Plaintiff maintains that Defendant owes $427,919.75 on the Note and Mortgage, along with attorney's fees, costs, and additional per diem interest of $29.51 from November 25, 2025 through the date of the judgment.

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). "A hearing is unnecessary where the record contains a detailed affidavit and documentary evidence permitting the Court to evaluate the proposed sum and determine an award of damages." Sec'y of U.S. Dep't of Hous. & Urb. Dev. v. Richmond Cnty. Pub. Adm'r, 768 F. Supp. 3d 488, 497 (E.D.N.Y. 2025)

Plaintiff maintains that the total amount Defendant owes on the Note and Mortgage is $427,919.75, which includes interest from March 1, 2025 through November 25, 2025. (See ECF Nos. 19-4, 19-5.). Plaintiff also seeks per diem interest of $29.51 from November 25, 2025 through the date of judgment (which results in a total of $10,328.50 interest due through November 10, 2026); $6,800 in attorney's fees; and $1,155 in costs. The Court finds that Plaintiff's submissions, including the Affirmation of Indebtedness from Juliana Thurab, (ECF No. 19-5), together with the exhibits annexed to the Complaint and attached to the motion for default judgment, establish the requested damages to a reasonable certainty. Accordingly, Plaintiff is awarded a total of $446,203.25, which includes attorney's fees and costs.

For the reasons stated above, Plaintiff's motion for a Default Judgment of Foreclosure and Sale against the Defendants is GRANTED. Plaintiff appoints Melissa Mohan, Esq., as Referee. In conjunction with this Order, the Court is entering a Judgment of Foreclosure and Sale. The Clerk of Court is directed to close this case. Plaintiff is directed to mail a copy of this Order and the Judgment of Foreclosure and Sale to Defendant and to promptly file proof of mailing on ECF.

**SO ORDERED.**

Dated: November 10, 2026
Central Islip, New York

/s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE